ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL I

| | | |
|---|---|---|
| **LUIS TORRES**<br><br>Apelante<br><br><br>v.<br><br>**GOBIERNO MUNICIPAL AUTÓNOMO de CAROLINA, representado por su Alcalde HON. JOSE CARLOS APONTE DALMAU; GIOVANNA LOPEZ ESCOBAR, Lcda. JANICE MARRERO COLON y LUIS R. CARABALLO RAMÍREZ**<br><br>Apelados | KLAN202400241 | **APELACION** procedente del Tribunal de Primera Instancia, Sala Superior de **Carolina**<br><br><br>Civil Núm.: **CA2023CV01502**<br><br>Sobre: Ley de Transparencia y Procedimiento Expedito para Acceso a la Información Pública (Ley Núm. 141-2019) |

Panel integrado por su presidente, el Juez Sánchez Ramos, el Juez Pagán Ocasio, el Juez Marrero Guerrero y la Jueza Boria Vizcarrondo.

Boria Vizcarrondo, Jueza Ponente.

**SENTENCIA**

En San Juan, Puerto Rico, a 22 de abril de 2024.

Comparece ante nos el Sr. Luis Torres (en adelante, apelante o señor Torres), mediante un recurso de *Apelación*, y nos solicita que revoquemos una *Resolución* emitida el 12 de diciembre de 2023 por el Tribunal de Primera Instancia, Sala Superior de Carolina (TPI), notificada y archivada en autos ese mismo día.[1] Mediante dicho dictamen, el foro primario desestimó el *Recurso Especial de Revisión Judicial para el Acceso a Información Pública*[2] presentado por el señor Torres y declaró con lugar la *Moción de Desestimación del Recurso Especial* presentada por el Gobierno Municipal Autónomo de Carolina, representado por su alcalde; el Hon. José Carlos Aponte

---

[1] Apéndice de la *Apelación*, Anejo 15, págs. 84-92.
[2] *Íd.*, Anejo 1, págs. 1-5.

Dalmau; la Sra. Giovanna López Escobar; la Lcda. Janice Marrero Colón y el Sr. Luis R Caraballo Ramírez (en adelante, parte apelada).[3] Además, le impuso al apelante el pago de $300.00 en concepto de honorarios de abogados por temeridad y por los gastos incurridos por la parte apelada en el caso de marras.

Por los fundamentos que expondremos a continuación, resolvemos confirmar la *Resolución* recurrida.

**I.**

La presente controversia tiene su génesis el 10 de mayo de 2023 cuando el apelante presentó un *Recurso Especial de Revisión Judicial para el Acceso a Información Pública.*[4] Mediante dicho recurso, el señor Torres arguyó que le solicitó a la parte apelada que le enviara, mediante correo electrónico, todas las ediciones anteriores de "Viva Carolina, La Revista", en formato PDF, empero esta se rehusó a enviárselas de forma gratuita mediante dicho medio, teniéndolas en PDF. Alegó además el señor Torres que la parte apelada le exigió pagar, para poder así acceder a las aludidas ediciones, contrario a la *Ley de Transparencia y Procedimiento Expedito para el Acceso a la Información Pública* (Ley Núm. 141-2019), Ley Núm. 141 del 1 de agosto de 2019, según enmendada, 3 LPRA secs. 9911 *et seq.* Aun así, según las alegaciones del apelante, la parte apelada mantiene disponible por internet y de forma gratuita solamente las ediciones de la referida revista correspondientes a febrero a marzo de 2023, más no ha colocado el resto de las versiones solicitadas por él. Por lo tanto, solicitó del foro *a quo* que ordenara a la parte apelada a entregarle la información y los documentos públicos solicitados.

El 22 de mayo de 2023, la parte apelada presentó una *Contestación y/o Réplica a "Recurso Especial de Revisión Judicial*

---

[3] *Íd.*, Anejo 4, págs. 21-43.
[4] *Íd.*, Anejo 1, págs. 1-5.

*para el Acceso a Información Pública*" mediante la cual arguyó que no se le negó al apelante la entrega de la información solicitada, sino que, primero, se le informó que la aludida información estaba disponible para su inspección.[5] Luego de ello, sostuvo la parte apelada, se le manifestó al señor Torres que dicha información se le entregaría por medio de un disco compacto o CD previo al pago de la suma de tres dólares ($3.00), establecido por la reglamentación municipal aplicable al asunto, y la cual está sostenida por la Ley Núm. 141-2019, *supra*. Asimismo, la parte apelada alegó que inicialmente la información solicitada no estaba recopilada en formato PDF, pero que, de buena fe, el Municipio de Carolina gestionó la presentación de la información en el formato PDF. Sin embargo, según las alegaciones de la parte apelada, el envío de la información, mediante correo electrónico, deposita un alto grado de onerosidad en la parte recurrida, pues la referida información consiste en cincuentiséis (56) volúmenes o revista de aproximadamente dieciséis (16) páginas cada uno, lo cual suma cerca de novecientas (900) páginas. Por lo tanto, según arguyó la parte apelada, para transmitirle al señor Torres lo solicitado a través de correo electrónico significaría que la parte apelada tendría que utilizar a una persona solamente para tratar de realizar dicha gestión por un tiempo considerable, pues ante el aludido volumen de páginas no podía enviarse en un solo correo, sino que sería necesario segregar el envío en partes, a riesgo de que la integridad y certeza de la información sufra y/o se afecte. Ante ello, alegó la parte apelada que el señor Torres, de forma frívola y temeraria, se negó a aceptar la información en CD. Añadió que el apelante había planteado la misma controversia en un caso ante este Tribunal bajo *Luis Torres v. Hon. Sigfrido Steidel Figueroa, Hon. Maritere Colón*

---

[5] *Íd.*, Anejo 3, págs. 13-20.

*Domínguez*, KLAN202000907 (TA PR 16 de diciembre de 2021) donde un Panel hermano de este Tribunal determinó que no se le violentó el derecho del señor Torres al acceso de información pública, pues se le hicieron disponibles los documentos solicitados-todas las *Opiniones* del Tribunal Supremo de Puerto Rico y todas las *Sentencias* y *Resoluciones* finales de este Tribunal- bajo un método adecuado y viable para su inspección de conformidad con la Ley Núm. 141-2019, *supra*.[6]

El 22 de mayo de 2023, la parte apelada presentó una *Moción de Desestimación del Recurso Especial* por la cual sostuvo que la información y documentos solicitados por el señor Torres, siendo esta, una publicación municipal llamada "Viva Carolina, La Revista", se distribuyó de forma amplia y gratuita por medio de toda la jurisdicción municipal, y la misma contiene artículos y fotografías relacionada a operaciones, logros y proyectos municipales.[7] Asimismo, la parte apelada alegó que, a pesar de poner la información solicitada a disposición del apelante, este se negó a recibir la misma y exigió que solo se le entregara en el formato exigido por el propio señor Torres; a saber, mediante correo electrónico. Además, arguyó la parte apelada que dicho formato es oneroso para esta y su solicitud es temeraria y frívola dado a la cantidad de páginas que componen todas las ediciones de la aludida revista. Por lo tanto, sostuvo la parte apelada que, el formato ofrecido por esta fue razonable, pues en el CD se incluyeron todos los archivos que le interesan al apelante.

Luego de varios trámites procesales, el 23 de mayo de 2023, el TPI emitió una *Orden*,[8] notificada y archivada en autos el 24 de

---

[6] Véase, además, los siguientes casos citados por la parte apelada, donde según alegó, se llegó al mismo resultado: *Torres v. Estado Libre Asociado*, KLAN202001012 (TA PR 23 de febrero de 2021); *Torres v. Fernández Rosario*, KLAN202100152 (TA PR 29 de abril de 2021).
[7] Apéndice de la *Apelación*, Anejo 4, págs. 21-43.
[8] *Íd.*, Anejo 9, pág. 57.

mayo de 2023, mediante la que le concedió al señor Torres un término de cinco (5) días para que muestre causa por la cual no debía conceder el remedio solicitado por la parte apelada mediante la *Moción de Desestimación del Recurso Especial.*

El 30 de mayo de 2023, el apelante presentó una *Solicitud de Prórroga Breve* de dos (2) días laborables para cumplir con la aludida *Orden* del foro *a quo.*[9]

Posteriormente, el 1 de junio de 2023, el apelante presentó una *Moción en Cumplimiento de Orden en Oposición a Solicitud de Desestimación* por la cual alegó que, la solicitud de desestimación presentada por la parte apelada incumplía con la Regla 36 de Procedimiento Civil, 32 LPRA Ap. V, R. 36, y con la Regla 10.2 de Procedimiento Civil, Íd., R. 10.2,[10] En lo pertinente, el señor Torres arguyó que logró descargar de la página de internet del Municipio de Carolina las ediciones de "Viva Carolina, La Revista", correspondientes a febrero a marzo de 2023 y a agosto a septiembre de 2019 en el formato PDF. Sin embargo, sostuvo el apelante que la parte apelada eliminó la posibilidad de descargar y compartir las ediciones anteriores de la aludida revista. Además, arguyó que existían hechos en controversia pues la parte apelada acreditó, mediante una certificación, que no contaba con los documentos públicos solicitados en formato electrónico y tampoco acreditó la necesidad de digitalizar los documentos ni la imposibilidad de enviarlos por correo electrónico. Añadió el señor Torres que la parte apelada le exigió pagar por acceder los documentos públicos cuando la Ley Núm. 141-2019, *supra,* no lo exige. Sostuvo el apelante también que, a tenor con el Artículo 7 de la Ley Núm. 141-2019, *supra,* sec. 9917, los oficiales de información cumplían con los parámetros de dicho estatuto si, según las preferencias del

---

[9] *Íd.*, Anejo 11, págs. 59-61.
[10] *Íd.*, Anejo 12, págs. 62-81.

solicitante, envían la información por correo electrónico. Por último, el apelante alegó que, conforme al Artículo 12 de la Ley Núm. 141-2019, *supra*, sec. 9922, el Tribunal tenía la obligación jurídica de interpretar dicho estatuto de la forma más liberal y beneficiosa para el apelante.

El 7 de junio de 2023, el foro primario emitió una *Orden*,[11] notificada y archivada en autos ese mismo día, por la cual dio por sometidas la *Moción de Desestimación del Recurso Especial* y la *Moción en Cumplimiento de Orden en Oposición a Solicitud de Desestimación*.

El 7 de junio de 2023, el TPI emitió otra *Orden*,[12] notificada y archivada en autos ese mismo día, mediante la cual dictó académica la *Solicitud de Prórroga Breve* presentada por el apelante.

Luego de examinar la posición de ambas partes, el 12 de diciembre de 2023, el TPI emitió una *Resolución*, notificada y archivada en autos ese mismo día.[13] Mediante dicho dictamen, el foro primario desestimó el *Recurso Especial de Revisión Judicial para el Acceso a Información Pública* y, por ende, declaró con lugar la *Moción de Desestimación del Recurso Especial* presentada por la parte apelada. Además, ordenó al apelante a pagar $300.00 en concepto de honorarios de abogados por temeridad y por los gastos incurridos por la parte apelada. Fundamentó su decisión en que no se le denegó al apelante el derecho de acceso a la información requerida porque la parte apelada no levantó privilegio alguno y le hizo disponible la información desde un principio, por medio de inspección y posteriormente, mediante CD, mientras que el señor Torres ha tenido una actitud onerosa, frívola y temeraria solicitando el formato que él quiere. Además, resolvió el TPI que, la información

---

[11] *Íd*., Anejo 13, pág. 82.
[12] *Íd*., Anejo 14, pág. 83.
[13] *Íd*., Anejo 15, págs. 84-92.

requerida por el apelante es de naturaleza periódica y había sido divulgada anterior y libremente de forma amplia a través del Municipio de Carolina, y, por ello, dicha información no es el tipo de información que pretende proteger la Ley Núm. 141-2019, *supra.*

Insatisfecho con la determinación del foro primario, el 27 de diciembre de 2023, el apelante presentó una *Moción de Reconsideración*,[14] y el 8 de enero de 2024, la parte apelada presentó una *Oposición a Moción de Reconsideración.*[15]

Posterior a ello, el 8 de enero de 2024, el TPI emitió una *Orden*,[16] notificada y archivada en autos al siguiente día, por la cual denegó la *Moción de Reconsideración* presentada por el señor Torres.

Inconforme con tal determinación, el 11 de marzo de 2024, el apelante presentó ante esta Curia un recurso de *Apelación* por el cual le atribuyó al TPI la comisión de los siguientes errores:

**PRIMER ERROR**

**COMETIÓ ERROR DE DERECHO Y/O ABUSÓ DE SU DISCRECIÓN EL TRIBUNAL DE PRIMERA INSTANCIA AL DECLARAR HA LUGAR LA MOCIÓN DE DESESTIMACIÓN DEL *RECURSO ESPECIAL DE ACCESO A LA INFORMACIÓN PÚBLICA*, A PESAR DE QUE LOS AQUÍ APELADOS ADMITIERON TENER BAJO SU CUSTODIA LOS DOCUMENTOS PÚBLICOS SOLICITADOS EN EL FORMATO SOLICITADO (PDF), EN VIOLACIÓN AL DERECHO CONSTITUCIONAL FUNDAMENTAL DE ACCESO A LA INFORMACIÓN PÚBLICA, SEGÚN REGULADO POR LA *LEY DE TRANSPARENCIA Y PROCEDIMIENTO EXPEDITO PARA EL ACCESO A LA INFORMACIÓN PÚBLICA*, LEY 141 DEL 1RO DE AGOSTO DE 2019, SEGÚN ENMENDADA.**

**SEGUNDO ERROR**

**COMETIÓ ERROR DE DERECHO Y/O ABUSÓ DE SU DISCRECIÓN EL TRIBUNAL DE PRIMERA INSTANCIA AL INTERPRETAR Y/O CONCLUIR QUE EL AQUÍ APELANTE DEBÍA PAGAR A LOS AQUÍ APELADOS PARA PODER RECIBIR LOS DOCUMENTOS PÚBLICOS SOLICITADOS, A PESAR DE QUE LOS PROPIOS APELADOS RECONOCIERON TENERLOS BAJO SU CUSTODIA EN EL FORMATO SOLICITADO (PDF), EN VIOLACIÓN AL DERECHO**

---

[14] *Íd.*, Anejo 16, págs. 93-100.
[15] *Íd.*, Anejo 17, págs. 101-104.
[16] *Íd.*, Anejo 18, pág. 105.

CONSTITUCIONAL FUNDAMENTAL DE ACCESO A LA INFORMACIÓN PÚBLICA, SEGÚN REGULADO POR LA *LEY DE TRANSPARENCIA Y PROCEDIMIENTO EXPEDITO PARA EL ACCESO A LA INFORMACIÓN PÚBLICA*, LEY 141 DEL 1RO DE AGOSTO DE 2019, SEGÚN ENMENDADA.

### TERCER ERROR

COMETIÓ ERROR DE DERECHO Y/O ABUSÓ DE SU DISCRECIÓN EL TRIBUNAL DE PRIMERA INSTANCIA AL INTERPRETAR Y/O CONCLUIR QUE EL AQUÍ APELANTE TENÍA QUE CUMPLIR CON LA ORDENANZA 34, SERIE 1990-91-39, PROMULGADA POR LA ASAMBLEA MUNICIPAL DE CAROLINA HACE MÁS DE TREINTA AÑOS, COMO REQUISITO PARA TRAMITAR Y/O RECIBIR LOS DOCUMENTOS PÚBLICOS SOLICITADOS, A PESAR DE QUE LOS PROPIOS APELADOS RECONOCIERON TENERLOS BAJO SU CUSTODIA EN EL FORMATO SOLICITADO (PDF), EN VIOLACIÓN A LOS ARTÍCULOS 3, 4, 5, 7, 8, 11 Y 12 DE LA *LEY DE TRANSPARENCIA Y PROCEDIMIENTO EXPEDITO PARA EL ACCESO A LA INFORMACIÓN PÚBLICA*, LEY 141 DEL 1RO DE AGOSTO DE 2019, SEGÚN ENMENDADA.

### CUARTO ERROR

COMETIÓ ERROR DE DERECHO Y/O ABUSÓ DE SU DISCRECIÓN EL TRIBUNAL DE PRIMERA INSTANCIA AL INTERPRETAR Y/O CONCLUIR QUE EL AQUÍ APELANTE TENÍA QUE CUMPLIR CON LA ORDEN EJECUTIVA NÚM. 2023-733, EMITIDA POR EL ALCALDE DEL GOBIERNO MUNICIPAL AUTÓNOMO DE CAROLINA, COMO REQUISITO PARA TRAMITAR Y/O RECIBIR LOS DOCUMENTOS PÚBLICOS SOLICITADOS, A PESAR DE QUE LOS PROPIOS APELADOS RECONOCIERON TENERLOS BAJO SU CUSTODIA EN EL FORMATO SOLICITADO (PDF), EN VIOLACIÓN A LOS ARTÍCULOS 3, 4, 5, 7, 8, 11 Y 12 DE LA *LEY DE TRANSPARENCIA Y PROCEDIMIENTO EXPEDITO PARA EL ACCESO A LA INFORMACIÓN PÚBLICA*, LEY 141 DEL 1RO DE AGOSTO DE 2019, SEGÚN ENMENDADA.

### QUINTO ERROR

COMETIÓ ERROR DE DERECHO Y/O ABUSÓ DE SU DISCRECIÓN EL TRIBUNAL DE PRIMERA INSTANCIA AL IMPONER AL AQUÍ APELANTE EL PAGO DE $300.00 HONORARIOS POR TEMERIDAD A FAVOR DE LOS AQUÍ APELADOS, MÁS LOS GASTOS INCURRIDOS POR ESTOS EN EL CASO, EN VIOLACIÓN DE LO ESTABLECIDO EN LA REGLA 44 DE PROCEDIMIENTO CIVIL Y LA JURISPRUDENCIA QUE LA INTERPRETA, ASÍ COMO DE LO ESTABLECIDO EN LA *LEY DE TRANSPARENCIA Y PROCEDIMIENTO EXPEDITO PARA EL ACCESO A LA INFORMACIÓN PÚBLICA*, LEY 141 DEL 1RO DE AGOSTO DE 2019, SEGÚN ENMENDADA.

**SEXTO ERROR**

**COMETIÓ ERROR DE DERECHO Y/O ABUSÓ DE SU
DISCRECIÓN EL TRIBUNAL DE PRIMERA
INSTANCIA AL EMITIR SU DICTAMEN FINAL EN
VIOLACIÓN DEL TÉRMINO ESTABLECIDO EN EL
ARTÍCULO 9 DE LA *LEY DE TRANSPARENCIA Y
PROCEDIMIENTO EXPEDITO PARA EL ACCESO A LA
INFORMACIÓN PÚBLICA*, LEY 141 DEL 1ᴿᴼ DE
AGOSTO DE 2019, SEGÚN ENMENDADA.**

En síntesis, el apelante planteó que debemos revocar la *Resolución* recurrida pues si bien la parte apelada sostuvo haber tenido bajo su custodia los documentos públicos no presentó una o más declaraciones juradas ni ninguna otra evidencia en apoyo a ello. También alegó el apelante que contrario a la política pública establecida mediante el Artículo 3 de la Ley Núm. 141-2019, *supra*, sec. 9913, el foro primario sostuvo que el apelante tenía que pagar para recibir la información pública que le solicitó a la parte recurrida. Añadió, mediante su recurso de *Apelación* que, no tenía que cumplir con la Ordenanza 34, serie 2019-91-39 porque procedía interpretar la Ley Núm. 141-2019, *supra*, de la forma más liberal y beneficiosa para él, y tampoco tenía que cumplir con la Ordenanza Ejecutiva 2023-733. El apelante sostuvo también que no actuó de forma temeraria por lo cual no debía pagar la suma de $300.00 impuesta por el TPI en concepto de honorarios de abogados. Por último, arguyó que el foro primario incumplió con el Artículo 9 de la Ley Núm. 141-2019, *supra*, sec. 9919, por no haber declarado con o sin lugar la solicitud de producción de información pública dentro de un término de diez (10) días contados desde que la entidad gubernamental emitiese su contestación al Tribunal.

Por su parte, el 5 de abril de 2024, compareció la parte apelada por medio del *Alegato de la Parte Apelada* por el cual planteó que puso a disposición del señor Torres la información solicitada para su inspección, y sostuvo haber realizado un esfuerzo adicional al ofrecerle la información que solicitó por medio de un CD previo al

pago módico de $3.00. Alegó también la parte apelada que las normas y reglamentaciones aludidas por el apelante son instrumentales para la Ley Núm. 141-2019, *supra*. En cuanto a la imposición del pago en concepto de honorarios de abogados, arguyó la parte apelada que el apelante ha actuado temeraria y frívolamente, pues al ser residente del Municipio de Carolina ya se le distribuyeron las revistas de forma gratuita y libre, e incluso, fue el propio apelante quien se negó a aceptar el recibimiento de la información ante las múltiples formas ofrecidas, por no tratarse del formato que solicitó. Por último, añadió la parte apelada que el término dispuesto por el Artículo 9 de la Ley Núm. 141-2019, *supra*, sec. 9919, no aplica y de aplicar, es uno directivo.

Luego de revisar los documentos que obran en autos, estamos en posición de resolver, primero delimitando el trasfondo normativo aplicable.

**II.**

**A.**

A tenor con la Regla 10 de Procedimiento Civil, *supra*, R. 10, la parte demandada puede presentar tres (3) tipos de mociones previo a contestar la demanda presentada en su contra: (1) solicitud de desestimación; (2) solicitud para solicitar una exposición más definida; (3) y moción eliminatoria. Véase, además, *Costas Elena v. Magic Sport Culinary, Corp.*, 2024 TSPR 13. Asimismo, una persona contra quien se presentó una reclamación judicial puede solicitar la desestimación del pleito si es evidente que de las alegaciones incluidas en la demanda prosperará alguna de las defensas afirmativas de la Regla 10.2 de Procedimiento Civil, *supra*. Véase, *La Comisión de los Puertos de Mayagüez v. González Freyre*, 211 DPR 579 (2023); *Eagle Security Police, Inc. v. Dorado*, 211 DPR 70, 83 (2023); *Trans-Oceanic Life Ins. v. Oracle Corp.*, 184 DPR 689, 701

(2012). A tenor con ello, la parte demandada puede presentar una solicitud de desestimación invocando que la demanda "deja de exponer una reclamación que justifique la concesión de un remedio". Regla 10.2 (5) de Procedimiento Civil, *supra,* R. 10.2 (5); *Eagle Security Police, Inc. v. Dorado, supra,* pág. 83. Asimismo, la desestimación solicitada "se dirigen a los méritos de la controversia y no a los aspectos procesales del caso como las demás mociones de desestimación bajo la Regla 10.2 de Procedimiento Civil, *supra*". *Montañez v. Hosp. Metropolitano,* 157 DPR 96, 104-105 (2002); véase, además, *Eagle Security Police, Inc. v. Dorado, supra,* pág. 83.

Una vez se presenta este tipo de moción, los Tribunales estarán "obligados a tomar como ciertos —y de la manera más favorable a la parte demandante— todos los hechos bien alegados en la demanda y que hayan sido aseverados de manera clara y concluyente". Íd., pág. 84; véase, además, *González Méndez v. Acción Social et al.,* 196 DPR 213, 234 (2016); *Rivera Sanfeliz et al. v. Jta. Dir. Firstbank,* 193 DPR 38, 49 (2015). También deberán "interpretar las alegaciones en forma conjunta y liberal, y de la manera más favorable a la parte demandante". *González Méndez v. Acción Social et al., supra,* pág. 234; *Torres, Torres v. Torres Serrano,* 179 DPR 481, 501-502 (2010); *Aut. Tierras v. Moreno & Ruiz Dev. Corp.,* 174 DPR 409, 428-429 (2008); *Roldán Rosario v. Lutron, S.M., Inc.,* 151 DPR 883, 890 (2000). En vista de ello, los Tribunales no deberán desestimarla "a menos que se demuestre que el demandante no tiene derecho a remedio alguno bajo cualesquiera hechos que pueda probar". *Trinidad Hernández v. ELA,* 188 DPR 828, 833-834 (2013) (*citando a Colón v. Lotería,* 167 DPR 625, 649 (2006)); *Ortiz Matías v. Mora Development,* 187 DPR 649, 654 (2013).

**B.**

Por otra parte, el acceso a la información pública fue reconocido como derecho constitucional por nuestro máximo foro en *Soto v. Srio. de Justicia,* 112 DPR 477 (1982), y como colorario al ejercicio de los derechos de libertad de palabra, prensa y asociación, los cuales emanan del Art. II, Sec. 4 de la Constitución de Puerto Rico, LPRA, Tomo 1. *Bhatia Gautier v. Gobernador,* 199 DPR 59, 80 (2017); *Trans Ad de P.R. v. Junta de Subastas,* 174 DPR 56, 67 (2008); *Soto v. Srio. de Justicia, supra.* Es mediante este derecho que se les permite a los ciudadanos a inspeccionar expedientes, informes y documentos recopilados en la gestión de gobierno y que constan en las agencias del Estado. *Engineering Services Interntional, Inc. v. Autoridad de Energía Eléctrica de Puerto Rico,* 205 DPR 136, 147 (2020); *Ortiz v. Dir. Adm. de los Tribunales,* 152 DPR 161, 175 (2000). Asimismo, lo recoge el Artículo 409 del Código de Enjuiciamiento Civil, 32 LPRA sec. 1781, el cual contempla el derecho de todo ciudadano a inspeccionar y sacar copia de cualquier documento público, salvo lo expresamente dispuesto en contrario mediante ley. Lo anterior permite la evaluación y fiscalización de la función pública y promueve la participación ciudadana en los procesos gubernamentales que impactan el entorno social. *Bhatia Gautier v. Gobernador, supra*, págs. 80-81. De no ser así, los ciudadanos no estarían debidamente informados sobre cómo se lleva a cabo la gestión pública, y, por ende, se les puede coartar su libertad de expresión respecto a su satisfacción con personas, reglas y procesos que le gobiernan. *Ortiz v. Dir. Adm. de los Tribunales, supra,* pág. 175; véase, además, *Bhatia Gautier v. Gobernador, supra,* pág. 81; *Colón Cabrera v. Caribbean Petroleum,* 170 DPR 582, 590 (2007). Es por ello, además que, negar su acceso le causaría al solicitante un daño claro, palpable y real. *Engineering Services Interntional, Inc. v. Autoridad de Energía Eléctrica de Puerto Rico, supra,* pág. 147.

A esos efectos, el Artículo 3 (b) de la *Ley de Administración de Documentos Públicos de Puerto Rico*, Ley Núm. 5 del 8 de diciembre de 1955 (Ley Núm. 5-1955), según enmendada, 3 LPRA sec. 1001, define los documentos públicos como:

> [T]odo documento que se origine, conserve o reciba en cualquier dependencia del Estado Libre Asociado de Puerto Rico de acuerdo con la ley o en relación con el manejo de los asuntos públicos y que de conformidad con lo dispuesto en el Artículo 4 de esta ley (3 L.P.R.A. § 1002) **se haga conservar que se requiera conservar permanentemente o temporalmente como prueba de las transacciones o por su valor legal**. Incluye aquellos producidos de forma electrónica que cumplan con los requisitos establecidos por las leyes y reglamentos. (Énfasis suplido).

De esta manera, el Tribunal Supremo resolvió que "para poder reconocer el derecho de acceso a la información pública, es necesario que lo solicitado pueda clasificarse como un documento público". *Acevedo Hernández, Ex parte*, 191 DPR 410 (2014). Por lo tanto, cuando un documento es catalogado como público, cualquier persona cuenta con legitimación activa para reclamar el acceso a la información pública. *Engineering Services Interntional, Inc. v. Autoridad de Energía Eléctrica de Puerto Rico, supra*, pág. 147. Sin embargo, este derecho no es absoluto, pues cede ante intereses apremiantes del Estado que justifiquen un reclamo de confidencialidad:

> (1) una ley así lo declara; (2) la comunicación está protegida por alguno de los privilegios evidenciarios que pueden invocar los ciudadanos; (3) revelar la información puede lesionar derechos fundamentales de terceros; (4) se trate de la identidad de un confidente, o (5) sea información oficial conforme a la Regla 31 de Evidencia, 32 LPRA Ap. IV. *Trans Ad de P.R. v. Junta de Subastas, supra*, pág. 68.

Lo anterior siempre y cuando no se niegue dicho acceso de forma caprichosa o arbitraria. *Engineering Services Interntional, Inc. v. Autoridad de Energía Eléctrica de Puerto Rico*, supra, pág. 147; *Colón Cabrera v. Caribbean Petroleum, supra*, pág. 590.

Eventualmente, se acogió el derecho de acceso a la información pública por medio de la Ley Núm. 141-2019, *supra,* estatuto que fue creado con el propósito de establecer una política pública de acceso a la información pública, y para ordenar, organizar y pautar mecanismos procesales sencillos, ágiles y económicos de acceso real a los documentos e información pública, entre otros objetivos. Según establece, en parte, el Artículo 3 de la Ley Núm. 141-2019, *supra,* sec. 9913, "la información y documentación que produce el gobierno se presume pública y accesible a todas las personas por igual"; "[t]oda información o documento que se origine, conserve o reciba en cualquier dependencia del Gobierno, aunque se encuentre bajo la custodia de un tercero, se presume público y debe estar accesible al Pueblo y la prensa"; "[e]l acceso a la documentación e información pública debe ser ágil, económico y expedito"; y mediante dicho estatuto, se establece "una política de apertura a la información y documentación, que incluya la disponibilidad de la tecnología y de los avances necesarios para hacer valer el derecho de los solicitantes a acceder a la información y documentación pública de forma oportuna, objetiva, veraz, completa, reutilizable, procesable y disponible en formatos accesibles, inalterados e íntegros". Asimismo, la entidad gubernamental debe divulgar, mediante su página de internet, y de forma periódica y actualizada, "la información sobre su funcionamiento, la ejecución y control de las funciones delegadas, así como toda documentación pública que sea realizada por la entidad de forma rutinaria", a tenor con al Artículo 4 de la Ley Núm. 141-2019, *supra,* sec. 9914. En esa misma línea, los Oficiales de Información de la entidad gubernamental deberán producir cualquier información pública dentro de un término de diez (10) días laborables para su inspección, reproducción o ambos, a petición de la persona solicitante. Ley Núm. 141-2019, *supra,* sec.

9917. Además, dicho término será prorrogable por un término de diez (10) días laborables, si el Oficial de información notifica a la persona solicitante la solicitud de prórroga dentro del término inicial establecido y expone la razón por la cual requiere contar con tiempo adicional para entregar la información o documentación solicitada. Íd. Los Oficiales de Información cumplen con dichos parámetros si realizan una de las siguientes acciones:

> a) Hacen la información disponible al solicitante en las oficinas de la entidad gubernamental para su inspección y reproducción;
> b) Envían información al solicitante por correo electrónico;
> c) Envían copia de la información por correo federal (First Class), siempre y cuando, el solicitante esté dispuesto a pagar por sello y otros costos asociados; o
> d) Proveen al solicitante una dirección de internet (URL) de una página web con instrucciones para acceder a la información solicitada. Íd.

Por otro lado, si bien el aludido acceso e inspección de los documentos públicos es permanente y gratuito, la expedición de copias simples o certificadas, grabaciones y reproducciones estarán sujetos al pago de derechos y cargos razonables. Ley Núm. 141-2019, *supra*, sec. 9918. Asimismo, se entenderá por razonable el pago de costos directos de reproducción, de envío por correo regular y aquellos derechos autorizados expresamente por ley. Íd. Además, la información pública solicitada "se entregará en el formato solicitado y por el medio que el solicitante haya señalado, siempre que ello no suponga un costo mayor que la entrega en papel o en el formato que usualmente utiliza la entidad gubernamental, ni suponga un riesgo para la integridad del documento". Íd.

### C.

Conforme a la Regla 44.1 de Procedimiento Civil, *supra*, R. 44.1, permite la otorgación de costas y honorarios de abogados. Las costas son aquellos gastos incurridos en la tramitación de un pleito o procedimiento que la ley ordena, o que el Tribunal, en el ejercicio

de su discreción, estima que una parte litigante debe rembolsarle a otra. Regla 44.1 (a) de Procedimiento Civil, supra, R. 44.1 (a); véase, además, *Puerto Rico Fast Ferries, LLC v. Autoridad de Alianza Publica-Privadas*, 2023 TSPR 121; *Rosario Domínguez v. ELA*, 198 DPR 197, 211 (2017). Asimismo, estas se concederán "a la parte a cuyo favor se resuelva el pleito o se dicte sentencia en apelación o revisión, excepto en aquellos casos en que se disponga lo contrario por ley o por estas reglas". Íd.; *Puerto Rico Fast Ferries, LLC v. Autoridad de Alianza Publica-Privadas, supra*; *Maderas Tratadas v. Sun Alliance*, 185 DPR 880, 934 (2012). De esa manera, conforme a su fin reparador, se permite el reembolso de aquellos gastos necesarios y razonables incurridos por la parte prevaleciente durante la tramitación del pleito. *Estado Libre Asociado de Puerto Rico v. El Ojo de Agua Development, Inc.*, 205 DPR 502, 527 (2020); *Rosario Domínguez v. ELA, supra*, pág. 211; *Maderas Tratadas v. Sun Alliance, supra*, pág. 934; 130 *J.T.P. Development Corp. v. Majestic Realty Corp.*, 130 DPR 456, 460 (1992); R. Hernández Colon, *Derecho Procesal Civil*, 6ta ed. rev., San Juan, Lexis Nexis, 2017, pág. 426. Ahora bien, el aludido pago de costas no es automático, pues es pertinente que la parte victoriosa cumpla con el procedimiento dispuesto en la Regla 44.1 (b) de Procedimiento Civil, *supra*, R. 44.1 (b). Este consiste en la presentación oportuna de un memorando de costas dentro de un término improrrogable de diez (10) días a partir de la fecha en que se notifique la sentencia. *Rosario Domínguez v. ELA, supra*, págs. 212-213; *Estado Libre Asociado de Puerto Rico v. El Ojo de Agua Development, Inc., supra*, pág. 528; *Hernández Colón, op. cit.*, pág. 429. Si la parte contraria no lo impugna, el Tribunal puede aprobarlo o si entiende que hay alguna partida objetable, podrá conceder una vista al proponente y tomará la decisión que corresponda. Íd. Para oponerse al memorando de costas, la parte contraria tendrá diez (10) días. Íd.

De igual modo, se podrán recobrar los gastos necesarios y razonables en los que incurra la parte victoriosa para ejecutar la sentencia dictada a su favor, a tenor con la Regla 51.10 de Procedimiento Civil, *supra*, R. 51.10.

Por otra parte, la temeridad consiste en aquellas "actuaciones en que un litigante promueve un pleito que pudo evitarse, que provoquen la prolongación indebida del trámite judicial o que obliguen a la otra parte a incurrir en gastos innecesarios para hacer valer sus derechos". *Mena Pamias v. Jiménez Meléndez*, 2023 TSPR 108; véase, además, *SLG González Figueroa v. SLG et al.*, 209 DPR 138, 147 (2022); *Pérez Rodríguez v. López Rodríguez*, 210 DPR 163, 192-193 (2022); Regla 44.1 (d) de Procedimiento Civil, *supra*, R. 44.1 (d). **El propósito es penalizar al litigante perdidoso que por su "obstinación, terquedad, contumacia e insistencia en una actitud desprovista de fundamentos, obliga a la otra parte, innecesariamente, a asumir las molestias, los gastos, el trabajo y los inconvenientes de un pleito"**. *Pérez Rodríguez v. López Rodríguez*, *supra*, pág. 193 (*citando a Puerto Rico Oil Company, Inc. v. Dayco Products, Inc.*, 164 DPR 486, 511-512 (2005)) (Énfasis suplido). Su concesión, no obstante, recae en la sana discreción del Tribunal. *Mena Pamias v. Jiménez Meléndez*, *supra*, pág. 14; véase, además, *SLG González Figueroa v. SLG et al.*, *supra*, pág. 150; *VS PR, LLC v. Drift-Wind, Inc.*, 207 DPR 253, 277 (2021); *Torres Vélez v. Soto Hernández*, 189 DPR 972, 993 (2013). Tan pronto el Tribunal determine que la parte actuó temerariamente, la imposición de honorarios de abogados es mandatorio. *Pérez Rodríguez v. López Rodríguez*, *supra*, pág. 192; *Meléndez Vega v. El Vocero de PR*, 189 DPR 123, 211 (2013). Por ello, los foros apelativos solo debemos intervenir con dicha determinación cuando "surja claramente un abuso de discreción". *Mena Pamias v. Jiménez Meléndez*, *supra*, pág. 14. No obstante, los foros revisores intervendrán cuando surja por

tal concesión un claro abuso de discreción; si se realizan planteamientos complejos y novedosos aun no resueltos en nuestra jurisdicción; o si poseen argumentos para rebatir lo que sostiene la parte contraria. *Pérez Rodríguez v. López Rodríguez, supra*, pág. 193; véase, además, *Gómez Márquez v. Periódico el Oriental Inc.*, 203 DPR 783, 807 (2020); *Rodríguez de Oller v. Transamerica Occidental Life Insurance Company*, 171 DPR 293 (2007).

Analizada la controversia bajo el marco doctrinal previamente esbozado, nos hallamos en posición de resolver.

**III.**

Según se relató, el señor Torres presentó un *Recurso Especial de Revisión Judicial para el Acceso a Información Pública* el 10 de mayo de 2023. Arguye el apelante que le solicitó a la parte apelada que le enviara, mediante correo electrónico, las anteriores ediciones de "Viva Carolina, La Revista" en formato PDF. En lugar de ello, alegó el apelante, la parte apelada le exigió el pago de $3.00 para poder acceder esos documentos públicos por medio de un CD, contrario a la Ley Núm. 141-2019, *supra*. Además, sostuvo que la parte apelada, si bien mantiene algunas ediciones en la página de internet, no ha colocado el resto en dicho lugar para poder bajarlo en formato PDF y de forma gratuita. Por lo anterior, solicitó del foro *a quo* que ordenara a la parte apelada a entregarle la información y los documentos públicos solicitados. Sin embargo, el foro primario desestimó el *Recurso Especial de Revisión Judicial para el Acceso a Información Pública* y ordenó al apelante a pagar $300.00 en concepto de honorarios de abogados y por los gastos incurridos por la parte apelada. El TPI fundamentó su decisión en que no se le denegó al apelante el derecho de acceso a la información requerida porque la parte apelada no levantó privilegio alguno y le hizo disponible la información desde un principio, por medio de

inspección y posteriormente, mediante CD, mientras que el señor Torres ha tenido una actitud onerosa, frívola y temeraria requiriendo un formato específico que él quiere. Además, resolvió que la información requerida por el apelante es de naturaleza periódica y había sido previamente divulgada libremente de forma amplia a través del Municipio de Carolina, y, por ello, dicha información no es el tipo de información que pretende proteger la Ley Núm. 141-2019, *supra.*

Inconforme, el apelante acudió en revisión ante nos.

Tras un análisis sosegado de la normativa aplicable, los hechos aplicables y del expediente ante nuestra consideración, concluimos que el foro primario no incidió al desestimar el pleito de marras en su totalidad, y consecuentemente, confirmamos la *Resolución* recurrida.

El apelante arguyó que cualquier alegación de onerosidad de la parte apelada es irrelevante porque la parte apelada no tiene que digitalizar documentos en papel, sino que ya los documentos están digitalizados. Además, al tratarse de documentos públicos, sostuvo el apelante que, los mismos deben estar disponibles y accesibles de forma gratuita mediante la página de internet del Municipio de Carolina. Sostuvo también que no actuó temerariamente, pues siguió el procedimiento dispuesto en la Ley Núm. 141-2019, *supra,* para reclamar su derecho constitucional de acceso a información pública; a saber, solicitó que le enviaran los documentos en PDF por medio de correo electrónico, lo cual constituye un método gratuito y ágil. Concluyó que negarse a producir los documentos en dicho formato y mediante correo electrónico es contrario a la política pública de la Ley Núm. 141-2019, *supra,* y le violenta su derecho constitucional de acceso a esos documentos públicos. Como veremos, no le asiste razón.

Como se expuso en la sección anterior, todo ciudadano tiene un derecho constitucional de acceder a información y documentación pública. Sin embargo, dicho derecho no es absoluto, pues el Estado puede levantar una serie de intereses apremiantes que justifican un reclamo de confidencialidad, siempre que ello no sea caprichosa o arbitrariamente. Además, no cualquier documento producido es público, sino que tiene que ser que se origine, conserve o reciba en cualquier dependencia del Estado de acuerdo con la ley o en relación con el manejo de los asuntos públicos y que, a tenor con el Artículo 4 de la Ley Núm. 5-1955, supra, sec. § 1002, se haga conservar que se requiera conservar permanente o temporalmente como prueba de las transacciones o por su valor legal. De esta definición surge de forma innegablemente que el propósito de la Ley Núm. 141-2019, *supra*, es proteger documentos sobre asuntos públicos y sobre gestiones gubernamentales, y que de denegarse su acceso se le puede causar al solicitante un daño claro, palpable y real. En el presente caso resulta evidente, que "Viva Carolina, La Revista" no constituye uno de los documentos protegidos por la Ley Núm. 141-2019, *supra*, pues equivale al tratamiento que se le daría a un periódico, el cual sirve para discutir ideas. *Díaz Segarra v. El Vocero*, 105 DPR 850, 853 (1977). Por lo tanto, la parte apelada no le violentó al apelante el derecho constitucional de acceso a la información pública.

Ahora bien, tal como se discutió en la sección anterior, de tratarse de un documento público, la entidad gubernamental, por medio de su Oficial de Información, debe producir cualquier información pública para su inspección, reproducción o ambos, a petición del solicitante, dentro de un término de diez (10) días laborables, el cual se puede prorrogar por diez (10) días laborables adicionales si dentro del término inicial se le informa al peticionario la razón por la cual necesita tiempo adicional. Para el cumplimiento

con ello, los Oficiales de Información deben realizar una de varias acciones incluyendo hacer la información disponible para su inspección y reproducción, o enviarle al solicitante el correo electrónico. En vista del derecho reseñado, aun cuando que "Viva Carolina, La Revista" no constituye un documento público, la parte apelada le hizo disponible todas las ediciones de esta revista para inserción y reproducción. Posterior a ello, incluso, ante la petición del apelante, la parte apelada le preparó al señor Torres un CD con todas las ediciones por un precio módico de $3.00, ya que la totalidad de las ediciones consistían en sobre novecientas páginas (900), por lo cual no se podía enviar por correo electrónico. Incluso, explicó la parte apelada que tendrían que asignar a una persona para tratar de enviar todo en partes, lo cual es muy oneroso. Si ello fuera poco, ya la parte apelada había distribuido las ediciones anteriores gratuitamente. Consecuentemente, concluimos que el apelante actuó frívola y temerariamente al solicitar la información en una forma y manera que él personalmente entendía razonable, y, por tanto, el TPI no incidió en la imposición del pago de $300.00 en concepto de honorarios de abogados y de gastos incurridos por la parte apelada.

Consiguientemente, y cónsono con el dictamen del TPI, procedía la desestimación del pleito de marras en su totalidad.

**IV.**

Por los fundamentos antes expuestos, confirmamos la *Resolución* recurrida.

Lo acordó y manda el Tribunal y lo certifica la Secretaria.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones